[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings the instant action in three counts: the first and second counts in misrepresentation, fraudulent and negligent respectively; the third count alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The sine qua non of the CUTPA count are the misrepresentations alleged in the preceding counts. The case involved the rental of an automobile by the plaintiff from the defendant auto agency. Plaintiff claims that at the time the final lease agreement was negotiated and executed by the parties, certain representations were made that subsequent adjustments to the monthly rental payment would be made. The alleged explanation for said adjustments was that the personal property tax escrow would change based upon plaintiff's place of residence. Defendant denies that any such representations were made and counters the plaintiff's allegations by providing the court with the written lease agreement and corollary documentation (Defendant's Exhibits B through H).
The lease agreement (Defendant's Exhibit B) provides in part:
 The total number of monthly payments is 48. The first monthly payment of $259.13 is due on the date of this lease. 47 subsequent payments of $259.13 are due on the 14th day of each calendar month, beginning 01/14, 1993 . . . .
Paragraph 8, Lease Agreement.
Said agreement further provides:
 Integration/Modification: This lease sets forth all of the agreements for the lease of the vehicle. There is no other agreement. The only way this lease can be changed is by a new written agreement signed by us and you.
Paragraph 36, Lease Agreement. CT Page 9891
Notwithstanding the educational background and professional standing of the plaintiff, he testified that, even though having seen and read the above integration clause, he did not understand the import or legal effect thereof. More importantly, despite adjustability being of great importance to him, in fact, of the essence in this agreement, he never asked for an addendum or supplement to that effect. Nor did he ask for any written confirmation whatsoever that adjustments would be made as he contemplated.
Based upon the totality of the evidence produced at trial, the court finds that the plaintiff has failed to establish any misrepresentation by a fair preponderance of the evidence. Judgment for the defendant will enter as to Counts I and II.
Consistent with the above findings, in view of plaintiff's reliance on the alleged misrepresentations to support his CUTPA claim, judgment for the defendant is entered on Count III.
Comerford, J.